# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CARLTON FITZGERALD BOURNE**                                              **PLAINTIFF**

**v.**                                        **CIVIL NO. 2:21-cv-00127-HSO-RHWR**

**FORREST COUNTY et al.**                                                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT for recommendation of dismissal is the Complaint filed *pro se* and *in forma pauperis* by Plaintiff Carlton Fitzgerald Bourne. Bourne's Complaint should be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) due to his failure to prosecute his claims and obey Court orders.

## I. BACKGROUND

Plaintiff was a detained parolee at Forrest County Detention Facility ("FCDF") when he filed this suit but has since been released from custody. Change of Address [11], January 7, 2022. In his Complaint, Plaintiff complains of an incident where he was allegedly injured while being transported to a medical appointment and received no medical care afterwards. Named as Defendants are Forrest County, Mississippi; Nurse Practitioner Elisabeth Gatewood; Nurse Cynthia Mack; and a nurse named Adam.

On October 4, 2021, the Clerk of Court received and filed Plaintiff's Complaint. [1]. On November 12, 2021, in an Order granting Plaintiff's Application to proceed *in forma pauperis*, Plaintiff was warned that a failure to comply with any order of the

Court would be deemed a purposeful delay and contumacious act by him that could result in the dismissal of this case. [6] at 3. This Order was mailed to Plaintiff at his address of record at FCDF and was not returned as undeliverable.

Plaintiff filed a Change of Address indicating that he had been released from custody on January 7, 2022. [11] at 1. On March 3, 2022, an Order issued setting an omnibus hearing for May 17, 2022, which was to serve "as a *Spears* hearing and case management hearing." [21] at 1. The parties were ordered to appear, and Plaintiff was warned that "[a] failure to prosecute, obey orders of the Court, or keep the Court informed of a current address may result in dismissal of this lawsuit, as permitted by Federal Rule of Civil Procedure 41(b) and under the Court's inherent authority to manage its docket." [21] at 3. The Order Setting Omnibus Hearing was mailed to the address Plaintiff provided on January 7, 2022, which is a post office box address in Magee, Mississippi. The Order Setting Omnibus hearing was not returned as undeliverable.

On May 3, 2022, Defendant Forrest County filed a Motion for Summary Judgment [23], asserting that Plaintiff's suit must be dismissed because he failed to exhaust administrative remedies before filing suit, his Complaint failed to state a federal constitutional claim, and he cannot recover for negligence because his claims are barred by the Mississippi Tort Claims Act.

At the omnibus hearing on May 17, 2022, Defendants appeared but Plaintiff did not. At the time for the hearing, Court Security Officers advised the Deputy Clerk

2

that Plaintiff had not entered the building. At the request of the Court, the Deputy Clerk called Plaintiff's name three times outside the doors of the courtroom, and Plaintiff was not there. The Court called Plaintiff's name three times in the courtroom, and Plaintiff was not present. Plaintiff has not responded to Forrest County's Motion for Summary Judgment, and the time for doing so has passed.

Following Plaintiff's failure to appear at the omnibus hearing, the Court issued an Order to Show Cause [26]. Plaintiff was ordered to

> file a written response on or before June 3, 2022, showing cause why his failure to appear at the omnibus hearing and failure to respond to Forrest County's Motion for Summary Judgment [23] should not result in dismissal of this suit with prejudice for failure to prosecute. Failure to timely comply with this Order by filing a written response will result in an immediate recommendation to the District Judge that this case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey Court orders.

[26] at 2.

The Order to Show Cause [26] was mailed to the address Plaintiff provided on January 7, 2022 and has not been returned as undeliverable. Plaintiff has not responded to the Order to Show Cause [26].

## II. DISCUSSION

Federal Rule of Civil Procedure 41 confers upon a district court the authority to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630-31 (1962)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of

3

pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). A court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief in order to achieve the orderly and expeditious disposition of cases. *See Link*, 370 U.S. at 630-31.

Generally, dismissals under Rule 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The docket demonstrates a clear record of delay and contumacious conduct by Plaintiff. Plaintiff was warned in an Order issued November 12, 2021, that if he failed to comply with any order of the Court, it would be deemed as a purposeful delay and contumacious act by him and may result of the dismissal of this case. [6] at 3. Plaintiff was warned again in the March 16, 2022 Order Setting Omnibus Hearing that "[a] failure to prosecute, obey orders of the Court, or keep the Court informed of a current address may result in dismissal of this lawsuit, as permitted by Federal Rule of Civil Procedure 41(b) and under the Court's inherent authority to manage its docket." [21] at 3. Despite these warnings, Plaintiff did not appear at the March 17, 2022 omnibus hearing, and he has not responded to Defendants' Motion for Summary Judgment.

Plaintiff did not respond to the post-omnibus hearing Order to Show Cause [26]. Plaintiff has made no contact with the Court and taken no action in this case

4

since filing a change of address in January 2022. Such inaction represents a clear record of delay and contumacious conduct. Because Plaintiff is proceeding *pro* se, the inaction can only be attributed to him. It is apparent Plaintiff no longer wishes to pursue this lawsuit. The Court's attempts to prompt diligent prosecution through lesser sanctions than dismissal have proven to be futile. *See Tello v. Comm'r,* 410 F.3d 743, 744 (5th Cir. 2005). Plaintiff's Complaint should be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to prosecute his claims and abide by Court orders.

### III. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3)

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding

or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 6th day of June, 2022.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE