### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**CARLTON FITZGERALD BOURNE,**                                    **PLAINTIFF**
**# 80839**

**v.**                                                    **CIVIL NO. 2:21cv127-HSO-BWR**

**FORREST COUNTY, ELISABETH**
**GATEWOOD, NURSE ADAM, and**
**CYNTHIA MACK**                                              **DEFENDANTS**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [27] AND DISMISSING CASE WITH PREJUDICE

BEFORE THE COURT is United States Magistrate Judge Robert H. Walker's Report and Recommendation [27], which recommends this civil action be dismissed with prejudice. R. & R. [27] at 1. After due consideration of the Report and Recommendation [27], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [27] should be adopted as the finding of this Court, and that Plaintiff Carlton Fitzgerald Bourne's claims should be dismissed with prejudice.

### I. BACKGROUND

A.    Factual background

Plaintiff Carlton Fitzgerald Bourne ("Plaintiff" or "Bourne") was housed at the Forrest County Adult Detention Facility as an inmate when he initially filed his Complaint, Compl. [1] at 1, but he has since been released from custody, Change of Address [11], January 7, 2022. Plaintiff filed suit against Forrest County and members of the jail's medical staff, including Nurse Practitioner Elisabeth

Gatewood, Nurse Adam, and Nurse Cynthia Mack, in addition to the Forrest County Adult Detention Facility, which the Court dismissed in an Order [12] on January 13, 2022. Plaintiff alleges that, on October 29, 2019, he was being escorted for transport from the jail to an outside medical provider for a hernia surgery consult. Compl. [1] at 4. Plaintiff claims that his wrists and ankles were shackled, *id.*, and that, while walking in the loading port, his leg restraint chain became caught on a drainage cover, causing him to fall "head first, then [his] right . . . elbow hit next and right side body" on the concrete, *id.* at 5. Plaintiff contends that the restraints had been placed on him incorrectly, which prevented him from catching himself when he fell. *Id.* Plaintiff claims that as a result, he injured his head, neck, right arm, back, and right elbow, *id.*, and that he did not receive proper medical care after this fall, *see id.*

B.      Procedural history

Plaintiff initiated this civil action under 42 U.S.C. § 1983 and state law, raising claims for cruel and unusual punishment, discrimination, and negligence. Compl. [1] at 1, 4; Pl.'s Resp. [8] at 1, 3. Plaintiff is proceeding *in forma pauperis.* Order [6] at 1. In the Order granting his application to proceed *in forma pauperis,* Plaintiff was warned that failure to comply with Court orders could result in the dismissal of his case. Order [6] at 3.

On March 3, 2022, the Magistrate Judge issued an Order setting an omnibus hearing and ordering the parties to appear in person. Order [21] at 1. Plaintiff was

2

again warned that "[a] failure to prosecute, obey orders of the Court, or keep the Court informed of a current address may result in dismissal of this lawsuit, as permitted by Federal Rule of Civil Procedure 41(b) and under the Court's inherent authority to manage its docket." *Id.* at 3. On May 3, 2022, Defendants filed a Motion [23] for Summary Judgment, arguing that Plaintiff did not exhaust his administrative remedies prior to filing suit. Mem. [24] at 6. Plaintiff has never responded to this Motion. R&R [27] at 2. Plaintiff also did not appear for the omnibus hearing, and the Court issued an Order to Show Cause [26], ordering Plaintiff to file a written response before June 3, 2022,

> showing cause why his failure to appear at the omnibus hearing and failure to respond to Forrest County's Motion for Summary Judgment [23] should not result in dismissal of this suit with prejudice for failure to prosecute. Failure to comply with this Order by timely filing a written response will result in an immediate recommendation to the District Judge that this case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey Court orders.

Order [26] at 2. To date, Plaintiff has not responded to the Order to Show Cause [26].

On June 6, 2022, United States Magistrate Judge Robert H. Walker entered a Report and Recommendation [27] recommending that Plaintiff's Complaint [1] be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) due to his failure to prosecute his claims and obey Court orders. *See id.* at 1. Plaintiff has not filed an objection to the Report and Recommendation [27], and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Report and Recommendation [27] is neither clearly erroneous nor contrary to law. Plaintiff's behavior reflects clearly contumacious conduct and has prevented this case from moving forward, and the Court is persuaded that no lesser sanction than dismissal is appropriate. Moreover, Plaintiff was explicitly warned that his case would be dismissed with prejudice if he did not respond to the Order [26] to Show Cause, and he has not objected to the Magistrate Judge's Report and Recommendation [27] in this regard.

The Court will adopt the Magistrate Judge's Report and Recommendation [27] as the opinion of this Court. Plaintiff has failed to prosecute his case and has repeatedly violated Court orders. The Court warned Plaintiff in numerous Orders that it was his responsibility to prosecute his case, or the case could be dismissed. *See* Orders [6], [21], [26]. As such, Plaintiff's Complaint [1] should be dismissed with

4

prejudice for failure to prosecute and failure to obey Court Orders.

### III.  <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [27] of United States Magistrate Judge Robert H. Walker entered in this case on June 6, 2022, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, pro se Plaintiff Carlton Fitzgerald Bourne's claims against Defendants Forrest County, Elisabeth Gatewood, Nurse Adam, and Cynthia Mack are **DISMISSED WITH PREJUDICE** for Plaintiff's failure to prosecute and to obey the Court's Orders.  A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 8th day of August, 2022.

<u>*s/ Halil Suleyman Ozerden*</u>
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE